# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **LYNDON WINN CARTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 3:25-cv- 01006** |
| ) | **Judge Aleta A. Trauger** |
| **CITY OF BRENTWOOD, TENNESSEE,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM</u>

Before the court are plaintiff Lyndon Winn Carter's Objections (Doc. No. 41) and Supplemental Objections (Doc. No. 42) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 40), which recommends that the Motion to Dismiss (Doc. No. 13) filed by defendant City of Brentwood, Tennessee ("City") be granted, that this case be dismissed without prejudice, and that the plaintiff's Motion for Judicial Notice of Exhibit A Evidence (Doc. No. 37) be denied as moot. As set forth herein, the court will accept the R&R in its entirety, except that the court will dismiss the case with prejudice, without leave to amend.

## I.    BACKGROUND

The plaintiff, who proceeds *pro se*, brings claims under 42 U.S.C. § 1983 and state law against the City, based on the plaintiff's allegedly unlawful detention by police officers with the Brentwood Police Department ("BPD"). (Compl., Doc. No. 1.) To be clear, the plaintiff does not bring claims against the individual police officers, nor has he ever sought leave to amend his

Complaint to bring claims against the individual officers.[1] Rather than answering the Complaint, the City filed a Motion to Dismiss and supporting Memorandum of Law (Doc. Nos. 13, 15) and, with the court's permission, manually filed copies of the bodycam videos from the encounter at issue in the Complaint (*see* Doc. Nos. 14, 26, 27). The plaintiff thereafter filed "no less than 16 responses spanning 104 pages," as detailed in the R&R. (Doc. No. 40 at 7.) The defendant filed a Reply. (Doc. No. 28.) The plaintiff then filed his Motion for Judicial Notice (Doc. No. 37), to which the City did not respond.

The R&R conducts a comprehensive review of the Complaint, the bodycam videos, and the parties' arguments and ultimately concludes that the Complaint and supplemental filings together fail to state a colorable claim against the City under 42 U.S.C. § 1983 or state law. The Magistrate Judge recommends that the Complaint be dismissed. However, recognizing that the plaintiff has not previously sought leave to amend, the Magistrate Judge recommends that the dismissal be without prejudice to the plaintiff's ability to file a "motion to amend his complaint as against the individual officers of the Brentwood Police Department, in their specified capacity." (Doc. No. 40 at 16.) The R&R gives notice to Carter that, if he seeks to pursue that route, he should file such a motion and proposed amended complaint "within 14 days of entry of this Report and Recommendation." (*Id.*)

The plaintiff thereafter filed his "Comprehensive Objections" and "Supplemental Objections" to the R&R, without exercising the option to seek to amend his pleading. (Doc. Nos. 41, 42.)

---

[1] Any attempt to bring suit against the individual officers now, based on an event that took place in October 2024 (*see* Compl. ¶ 5), would clearly be time-barred under Tenn. Code Ann. § 28-3-104(a)(1)(B).

## II. LEGAL STANDARD

If a party files "specific written objections" to an R&R on a dispositive matter, the district judge must consider those objections and determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(2), (3); *see also* 28 U.S.C. § 636(b)(1). However, the district court is not required to review those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court generally should accept the magistrate judge's findings and rulings to which no specific objection is filed, *id.* at 151, so long as the court is "satisf[ied] that there is no clear error on the face of the record," Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). At the same time, however, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Moore v. Prevo*, 379 F. App'x 425, 428 n.6 (6th Cir. 2010). In addition, while the court has the discretion to consider new evidence, "that discretion must be exercised sparingly." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 322 (1st Cir. 2008).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. THE PLAINTIFF'S OBJECTIONS

The plaintiff specifically objects that the Magistrate Judge, in the R&R:

(1) acknowledges unresolved factual disputes yet improperly recommends dismissal (Doc. No. 41 at 3);

(2) applies an overly demanding *Monell* pleading standard before discovery (*id.* at 4 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)));

(3) improperly minimizes significant facts supporting plausible constitutional violations (*id.* at 5);

(4) fails to meaningfully address the "body-camera muting issue" (*id.* at 6);

(5) fails to liberally construe the plaintiff's *pro se* filings (*id.* at 7);

(6) applies a "municipal-liability analysis [that] effectively requires Plaintiff to possess internal municipal proof before discovery" (*id.* at 7);

(7) "analyzes the case too narrowly instead of considering the totality of the encounter" (*id.* at 8);

(8) "does not adequately address the significance of the K-9 deployment after Plaintiff refused consent to search his vehicle" (*id.* at 9); and

(9) fails to give "proper pleading-stage weight to Plaintiff's racial profiling allegations" (*id.* at 10).

The plaintiff concludes that dismissal at this stage would "terminate potentially viable constitutional claims before factual development can occur" and maintains that he is entitled to

discovery to establish his claims. (*Id.* at 11–12.) In the alternative, he requests leave to amend so that he may "cure any perceived pleading deficiencies" in his "constitutional and municipal liability claims against Defendant City of Brentwood." (*Id.* at 12.)

In his Supplemental Objections, the plaintiff repeats several of the above-referenced objections and continues to argue that the Complaint and "supplemental filings" "plausibly allege" municipal liability on the part of the City through a failure to supervise, failure to train, failure to discipline, deliberate indifference, and unconstitutional municipal customs. (Doc. No. 42 at 4.) He further asserts that his homelessness and economic status do not diminish his constitutional rights.

## IV.    DISCUSSION

On *de novo* review, the plaintiff's objections are without merit. First, as to unresolved factual disputes, the Magistrate Judge did not resolve these disputes but determined that, even if these disputes were resolved in the plaintiff's favor, the Complaint and supplemental filings failed to state a colorable claim *against the City* for violation of the plaintiff's constitutional rights. The plaintiff fails to recognize a distinction between his allegations that the individual officers may have violated his constitutional rights (an issue neither the Magistrate Judge nor this court is called upon to address directly) and his claim that the *City* is responsible under *Monell* for those alleged violations. The court, on this topic, accepts and adopts in its entirety the Magistrate Judge's analysis of whether the plaintiff plausibly alleges facts that, if true, would establish the City's liability under *Monell*. The plaintiff's objections 1, 3, 4, 7, 8, and 9 are overruled.

Objections 2 and 6 are effectively the same: the plaintiff maintains that he should be permitted to conduct discovery to support his *Monell* claims. But that is simply not how the system works. *Pro se* or not, the plaintiff must have facts to support his claims before he files them, and his pleading, to avoid dismissal, must contain "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These objections are also overruled.

The Magistrate Judge, finally, did not fail to liberally construe the *pro se* plaintiff's filings, and the plaintiff's economic status has no bearing on the validity of his claims. As set forth in the R&R, the Magistrate Judge patiently and thoroughly considered the plaintiff's *sixteen separate responses* to the Motion to Dismiss, comprising more than one hundred pages, and thoroughly explained the rationale for his recommendations. These objections are likewise overruled. Any other objections are redundant of those addressed or simply rehash arguments already addressed in the R&R.

Finally, with respect to the plaintiff's request to amend, the court notes that, in the plaintiff's numerous supplemental filings, he has failed to allege facts that support his municipal liability claims, and he has not expressed any intention of suing the officers involved in his detention in their individual capacity—claims that, as noted, would by now be time-barred in any event. The court finds that dismissal without prejudice is unnecessary, as it is beyond clear that any attempt to amend would be futile.

## V.     CONCLUSION

For the reasons set forth herein, the court will overrule the plaintiff's Comprehensive Objections (Doc. No. 41) and Supplemental Objections (Doc. No. 42) and will accept the R&R (Doc. No. 40) in its entirety, *except* that, upon granting the defendant's Motion to Dismiss (Doc. No. 13), the court will dismiss the case with prejudice. The plaintiff's Motion for Judicial Notice (Doc. No. 37) will be denied as moot. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge